TACKETT et al. v. MUTUAL REALTY CO.,
Limited, et al.

(Court of Civil Appeals of Texas. Austin.
Jan. 17, 1912.)

1. PARTIES (§ 58*)—SUBSTITUTION—GROUNDS.
Where, in an action on a note brought in the name of the president and principal stockholder of a corporation, the evidence showed that the note was purchased for the corporation and paid for by corporate property, it was not error to allow the corporation to make itself a party plaintiff.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 88; Dec. Dig. § 58.*]

2. BILLS AND NOTES (§ 324*)—TRANSFERS—LIABILITY OF TRANSFEREES.
A transferee of a vendor's lien note who transfers it without indorsement to a third person for a specified consideration is responsible only for the consideration received by him on it appearing that the note never had any legal existence, and the third person may tender back the note and demand the consideration paid, and, where the consideration cannot be returned to him, he may sue for its value.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 324.*]

3. BILLS AND NOTES (§ 459*)—ACTIONS—PARTIES.
Where a transferee of a vendor's lien note transferred it without indorsement to a third person for a specified consideration, the third person suing for the consideration or its value on the ground that the note never had a legal existence should not make the makers of the note or indorsers thereon parties, for their liability, if existing, is only to the transferee.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 459.*]

4. BILLS AND NOTES (§ 460*)—ACTIONS—PARTIES.
Where a transferee of a note transferred it without indorsement to a third person who retained the note and sued thereon, he should not join the transferee as a party defendant with an indorser of the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1434-1443; Dec. Dig. § 460.*]

Appeal from Parker County Court; F. O. McKinsey, Judge.

Action by the Mutual Realty Company, Limited, and another against L. J. Tackett and others. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Preston Martin, for appellants. Jno. J. Hiner and W. L. Dean, for appellees.

### Findings of Fact.

JENKINS, J. J. T. Patterson instituted this suit against L. J. Tackett, who resides in Parker county, and R. S. Landers, J. H. Barnard, and O. G. Baleman, who reside in Hood county, alleging that one Hewett, who is a nonresident of the state of Texas and insolvent, on November 16, 1908, executed two certain promissory notes for $125 and $175, respectively, payable to J. H. Barnard or order December 1, 1910, and 1911, respectively, with 8 per cent. interest per annum, providing for 10 per cent. attorney's fees, and that the failure to pay either of said notes or interest thereon when due should, at the election of the holder thereof, mature both of said notes. Said notes recited that they were given in part payment for a certain tract of land situated in El Paso county, Tex., the same being 640 acres out of the La Prieta land grant of 325 leagues, granted by the king of Spain to the towns of Socorro and San Elizario in 1751, and conveyed to T. J. Hewett by said J. H. Barnard, to secure the payment of which a vendor's lien was retained. The findings of fact and the evidence in this case show that said notes were transferred by the original payee, Barnard, to the defendant Baleman, not by indorsement, but by a separate instrument transferring said notes and the vendor's lien. Baleman indorsed said notes to defendant Landers. Landers, by a separate instrument, transferred said notes and the vendor's lien to defendant Tackett, and Tackett, by a separate instrument, transferred them and the vendor's lien to J. T. Patterson, stating in said transfer that said notes were transferred without recourse. Defendant Tackett sold said notes to said Patterson for a secondhand automobile, and, in addition to said notes, gave said Patterson his duebill for $100 worth of nursery stock. Upon trial it was developed that said automobile did not belong to Patterson, but to the Mutual Realty Company, a corporation, of which said Patterson was president and principal stockholder, and that said notes were purchased for said corporation. Thereupon the court permitted a trial amendment, in which said corporation made itself plaintiff in lieu of said Patterson. The court found the value of the automobile to be $225, and rendered judgment in favor of the Mutual Realty Company against T. J. Tackett for $125, the value of said automobile, less said $100 worth of nursery stock, the duebill for which the court found to be worth $100. The defendants Barnard, Baleman, and Landers filed pleas of privilege to be sued in Hood county. The court sustained same, and ordered the case as to them transferred to Hood county.

The findings of the court, which are not complained of, show that Patterson, in the presence of Tackett, spoke of desiring to sell or trade the automobile, and that Tackett said that he had some vendor's lien notes that he might trade him for the automobile. Tackett showed the notes to Patterson, and told him that all he knew about the notes or the land was what was shown upon their face. Patterson inquired of Landers in reference to the notes, and was informed by him that he formerly owned the notes, and that he thought they were all right. Thereupon they made the trade as hereinbefore stated.

### Opinion.

[1] We do not think there was any error in allowing the Mutual Realty Company to

make itself party plaintiff. Perhaps the costs up to that time should have been taxed against Patterson, but no assignment is made in reference to this.

[2-4] The view which we take of this case renders it unnecessary for us to pass upon any of the assignments of error, except the first, and that is that the court erred in not sustaining defendant Tackett's exception to plaintiff's petition, for the reason that it appeared therefrom that he was improperly joined with the other defendants in this case. The defendant Tackett not having indorsed said notes, he could not be held responsible for the payment of the same, except upon the theory that no such notes as sold by him had any legal existence, for the reason that he sold vendor's lien notes, and, the court having found that there was not and never had been any such survey as the La Prieta grant, the notes were not vendor's lien notes. We do not deem it necessary to pass upon this point, for the reason that, if said notes as sold by Tackett had no legal existence, Tackett would not be responsible for the face value of said notes, but only for the consideration received by him. The plaintiff's petition does not allege any facts which would show that Tackett was responsible for the face value of said notes, and, if responsible at all, it would be upon the ground that he sold something which in law did not exist. Ordinarily such would be the case by reason of the notes being forgeries or having been issued contrary to law. In such case, of course, the notes would be worthless, and need not be tendered back; but such is not the case here. The notes were not forgeries. For aught that appears, the maker, and certainly the indorser, Baleman, might be responsible for the payment of said notes; and, in order for the plaintiff to recover, he should have tendered back the notes and the duebill for $100 worth of nursery stock and demanded his automobile; and if the same could not be returned to him, together perhaps with reasonable hire of the same, he might have sued for the value of said automobile at the time of such trade, together with legal interest. In this event, the other defendants would not have been proper parties to the suit. If they were liable to anybody, it would have been to Tackett.

On the other hand, if the plaintiff retained said notes and sued the indorser and former owner of said notes, he should not have joined Tackett in such suit, for the reason that he was not an indorser of said notes. Upon another trial of this case plaintiff should be required to amend and sue Tackett alone for the value of his automobile (and we do not mean to intimate as to whether or not Tackett would be liable in such suit) or he should sue the other defendants alone in Hood county. The effect of the holding and

judgment of the court in this case would be to require Tackett to pay plaintiff for the automobile, and to require the other defendants to pay plaintiff the principal and interest of said notes.

For the reason hereinabove indicated, this case is reversed and remanded.

Reversed and remanded.