**LISSNER v. STEWART et al.**

(Court of Civil Appeals of Texas. Texarkana. May 9, 1912.)

**1. APPEAL AND ERROR (§ 854\*)—ASSIGNMENTS OF ERROR—JURISDICTIONAL QUESTION—SUFFICIENCY OF PETITION.**

Whether an assignment predicates error on the precise reason given below for dismissing the action or not, the court on appeal will overrule the assignment where the petition failed to state a cause of action, since that is a fundamental error that the appellate court must consider.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3403, 3404, 3408–3424, 3427–3430; Dec. Dig. § 854.\*]

**2. EVIDENCE (§ 207\*)—ADMISSIONS—BRINGING ACTION.**

Where the holder of notes secured by a chattel mortgage sues the maker of the notes and the payee after transfer to recover on the notes and to foreclose the mortgage lien, he thereby affirms the genuineness of the notes and the existence of the lien.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 707–712; Dec. Dig. § 207.\*]

**3. BILLS AND NOTES (§ 293\*)—TRANSFER—INDORSEMENT WITHOUT RECOURSE.**

An indorsement without recourse by the payee of notes secured by a chattel mortgage passes the ownership of the notes and the lien to the indorsee without any liability or guaranty of the payment of the notes on the part of the indorser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 662–664; Dec. Dig. § 293.\*]

**4. BILLS AND NOTES (§ 284\*)—TRANSFER—LIABILITY ON INDORSEMENT—GUARANTOR.**

The payee of notes secured by a chattel mortgage who indorses them without recourse to one who takes them upon the faith of his fraudulent and false representations as to the financial responsibility of the makers, and that the mortgaged property was insured, is not liable as a guarantor in the indorsee's suit on the notes and to enforce the lien.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 627; Dec. Dig. § 284.\*]

**5. FRAUD (§ 47\*)—ACTION—PLEADING—DAMAGES FROM FRAUD.**

A petition against the maker of notes secured by a chattel mortgage, and against the payee who had indorsed them without recourse, which alleges that they were taken on the faith of false and fraudulent representations made by the payee as to the financial responsibility of the makers, and as to insurance on the mortgaged property, and that the mortgaged property is of the value of $1,500 securing notes to the amount of $800, without showing the consideration paid by the indorser, fails to state an action for damages for the alleged fraud, since it fails to show that the indorsee suffered any damages therefrom.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 42; Dec. Dig. § 47.\*]

**6. COURTS (§ 121\*) — JURISDICTION — TEXAS DISTRICT COURT—AMOUNT IN CONTROVERSY.**

The district court has no jurisdiction of an action where the petition alleges no cause of action save a claim to recover of defendant $150 for money alleged to have been collected by him for plaintiff, since the amount in controversy is not sufficient to give it jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426, 428, 450, 452, 458, 459, 466; Dec. Dig. § 121.\*]

**7. PLEADING (§ 245\*) — AMENDMENT — PETITION FOR LEAVE TO AMEND—TIME FOR MAKING.**

Where plaintiff in an action against the maker of notes secured by a chattel mortgage, and against the payee who had indorsed the notes to him, did not ask to file an amendment, but permitted the cause to be dismissed as to the payee and proceeded to judgment against the other defendants, and did not, until after 20 days, ask that the order be set aside and for leave to amend, there was delay justifying a refusal to permit the filing of an amended petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 635, 653–675; Dec. Dig. § 245.\*]

Appeal from District Court, Cass County; P. A. Turner, Judge.

Action by Seymour Lissner against W. E. Stewart and others. Action dismissed as to defendant Stewart, and judgment entered against the other defendants, and plaintiff appeals from the order dismissing the suit as to Stewart. Affirmed.

R. C. and E. A. Willis executed to W. E. Stewart three promissory notes for $600 each, due one, two, and three years after date, and later executed a chattel mortgage upon certain gin property to secure the payment of the notes. W. E. Stewart transferred and indorsed the notes and the lien without recourse to appellant. Appellant brought suit against the makers of the notes and to foreclose the mortgage lien, and also made W. E. Stewart a party upon allegations of fraud about the transfer of the notes. W. E. Stewart filed an exception to the petition, and the court sustained it, and, upon the failure of appellant to amend, dismissed Stewart from the suit. Appellant excepted

to the dismissal. After dismissing Stewart from the suit, the court proceeded to enter a final judgment against the makers of the notes and with a foreclosure of the mortgage lien in favor of appellant. Thereafter on September 18th, and during the term of the court, and about 20 days after the ruling and entry of judgment on the whole case, the appellant filed a motion to set aside the order dismissing the suit as to Stewart, and at the same time asked leave to file an amended petition. The court overruled both of the motions. The appellant appeals as to W. E. Stewart.

E. B. Coopwood, of Lockhart, and E. E. Brougher, of Linden, for appellant. O'Neal & Figures, of Atlanta, for appellees.

LEVY, J. (after stating the facts as above). It appears from the record that the court sustained the appellee Stewart's exception to the petition that there was a misjoinder of parties as to him, and entered a final judgment dismissing the cause of action as to him.

[1] The first assignment of error predicates error upon the ruling that there was a misjoinder of parties as to appellee Stewart. Whether the precise reasons for dismissing the cause of action as to appellee Stewart was correctly given or not is immaterial, because, according to the record, the act of entering judgment of dismissal was legally correct, for the petition was subject to a general demurrer as stating no cause of action against Stewart. The failure of the petition to state a cause of action is a fundamental error that the trial court or this court must consider. Hence the assignment must be overruled.

[2] By his petition appellant sued the makers of the notes and the transferror of the notes and to foreclose the mortgage lien. According to the allegations, the notes were payable to W. E. Stewart, and they and the mortgage lien were assigned to appellant, the purchaser, without recourse. By the suit on the notes and the lien, the appellant affirms the genuineness of the notes and the existence of the lien.

[3] Giving the proper legal effect to the indorsement by Stewart of without recourse, there was passed the ownership of the notes and lien to appellant without any liability or guaranty of the payment of the notes on the part of Stewart.

[4] So for any liability against Stewart the appellant must rely, if at all, upon the further averments in the petition concerning the false representations about the transfer without recourse of the notes. The allegations in this respect are merely to the effect that appellee Stewart made fraudulent and false representations to appellant as to the financial responsibility and worth of the makers of the notes, and that the mortgaged property was insurable and insured; and, relying upon the faith of the representations made, appellant purchased the notes and lien indorsed without recourse from appellee Stewart. But such facts, if true, would not have the legal effect to place Stewart in such position towards the notes of a guarantor or promisor of the payment of the same as that he could be held liable to appellant on the notes in a suit on the notes and to foreclose the lien.

[5] And, even treating the allegations as seeking to recover damages for the alleged fraud against Stewart, the petition would fail to declare a cause of action. It failed to show that appellant suffered any damages by reason of the alleged fraud. The petition affirmatively alleges that the mortgaged property is of the value of $1,500, and asks that it be sold to pay the notes. It nowhere alleges or shows the consideration paid appellee Stewart for the notes. If appellee Stewart could in a proper suit be held liable in damages for the fraudulent representations alleged, and on this we do not rule, he could only be held liable to the appellant for the consideration paid to him by appellant for the notes. By the petition appellant seeks to have the makers pay, and to have a sale of the mortgaged property to pay, the debt, and to hold appellee Stewart liable in damages besides. Certainly appellant would not, as he does not, contend that he could be paid out of the mortgaged property and compel appellee Stewart to also pay as damages the full amount of the notes. Assuming for the moment, though, that appellant could have his damages, if any, measured at the difference between the amount realized from the sale of the mortgaged property, and the consideration paid by him for the notes, and assuming that appellee Stewart would be liable therefor, still, according to the petition, the amount of the loss, if any, is not disclosed so as to enable the court to say that there was any loss, or even that it had jurisdiction of the amount of the loss. The petition affirmatively alleges that the mortgaged property is of the value of $1,500, but it fails to allege or show that more than such amount was paid for the notes.

[6] There is another distinct allegation as to Stewart seeking to recover of him $150 for money alleged to have been collected by him for appellant on the notes since the sale of the notes to appellant. There being no cause of action shown against Stewart on the former counts, the court would not have jurisdiction to hear and determine this count, for the amount is below the jurisdiction of the district court.

[7] The second assignment of error predicates error in refusing to set aside the order of dismissal and to permit the filing of an amended petition. The record admits the fact that, after the court sustained the plea, the appellant did not ask to file an amendment, but permitted the cause to be dismiss-

ed as to Stewart, and proceeded to judgment against the other defendants. It was, by the record, 20 days after the ruling and judgment before the appellant asked that the order be set aside to enable him to file the amendment. No reasons are given for such great delay. It is quite unnecessary to look to the amended petition sought to be filed, as in the circumstances shown by the record reversible error cannot be predicated upon the action of the court complained of. The assignment is overruled.

The judgment is affirmed.