WELLMAN ARTHUR et al., Respondents, v. L. E. ROSIER et al., Appellants.*

In the Springfield Court of Appeals, December 16, 1924.

1. **BILLS AND NOTES:** Maker Acquiring note May Reissue it Before Maturity, But Cannot Enforce Payment Against Intervening Parties to Whom Personally Liable. Under section 836, Revised Statutes 1919, the maker of a note who is *sui juris* may, for a consideration and before maturity, reissue after it has become his property, but he cannot enforce payment against any intervening party to whom he was personally liable.

2. ———: **Reissue: One Taking Reissued Note from Maker Occupies Position of Original Payee.** When maker of note acquires it and reissues it, the party taking it occupies the position of an original payee.

3. ———: **Indorsement "Without Recourse."** When the indorsement of a note is "without recourse," the indorser specially declines to assume any responsibility for its payment.

4. ———: **Maker, Indorsing Note Without Recourse after Assignment to Him by Payee, Held not Liable Thereon to Subsequent Indorsees.** Jury's finding that indorsee of note, executed by husband and wife, but subsequently assigned by payee to husband, who transferred it to indorser without recourse, had no notice of indorser's understanding that it was secured only by trust deed on certain property, *held* final as to wife, who did not join in indorsement, so that future holders in due course were not bound by such agreement, but not as to husband, who advised all subsequent holders by his indorsement that he assumed no responsibility for payment.

---

*Headnotes 1. Bills and Notes, 8 C. J., Section 518; 2. Bills and Notes, 8 C. J., Section 518 (Anno); 3. Bills and Notes, 8 C. J., Section 550; 4. Bills and Notes, 8 C. J., Section 1414.

Appeal from the Circuit Court of Howell County.—*Hon. E. P. Dorris,* Judge.

REVERSED (*in part*) and AFFIRMED (*in part*).

*J. P. Swaim,* of Mountain View, for appellant.

(1) The court erred in overruling defendants' demurrer to plaintiffs' petition. The petition shall contain . . . a plain and concise statement of the facts constituting a cause of action . . . If the recovery of money be demanded, the amount thereof shall be stated, or such facts as will enable the defendant or the court to ascertain the amount demanded. Sec. 1220, R. S. 1919. The objection is never waived. Luck Construction Co. v. C. & A. Ry., 207 S. W. 840; Wilson v. Schaff, 207 S. W. 845; Johnson v. Crowley et al., 207 S. W. 235. May be raised for the first time on appeal. LaCrosse

Lbr. Co. v. Railway, 197 Mo. App. 546, 196 S. W. 1015. (2)   The court erred in refusing a directed verdict for defendants.   Atkins v. Brown, 208 S. W. 502.   (3)   The court erred in giving each and every instruction given at the request of plaintiffs.   After the defect in the title to the instrument was shown, the burden was on plaintiff to show that he was a holder in due course.   Long v. Shafer, 171 S. W. 690; Atkins v. Brown, 208 S. W. 502. "After the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same, before he has paid the full amount agreed to be paid therefor, he will be deemed a holder in due course, only to the extent of the amount theretofore paid by him."   Sec. 840, R. S. 1919.   (4)   The court erred in refusing defendants' requested instructions, one, two, three and four.   They correctly declared the law. Sec. 838, R. S. 1919; Also sec. 842, R. S. 1919; Schlamp v. Mannewall, 190 S. W. 658, 196 Mo. App. 114.   (5) The court erred in overruling defendants' motion for a new trial.

*J. H. Burroughs* and *B. L. Rinehart,* both of West Plains, for respondents.

(1)   The return of the note to defendants by Woods and its negotiation to Morris was a reissue of the note and the defendants became liable therefor, as original makers while Morris became an original payee, so that they are all deemed the original parties to the note.   Section 836, R. S. 1919.   Sater v. Hunt, 66 Mo. App. 527.; Curry v. Lafon, 133 Mo. App. 180.   (2)   Morris being the first payee of the note makes Lasswell the first indorsee.   He having received it in good faith for a valuable consideration and without knowledge of any infirmities passed the note to a subsequent indorsee with the same title he possessed and free from all equities between the original parties.   First National Bank v. Stanley, 46 Mo. App. 440; Langford v. Varner, 65 Mo.

App. 370; Hamilton v. Mays, 63 Mo. 167; Jennings v. Todd, 118 Mo. 296; Mayes v. Robinson, 93 Mo. 114. (3) Holder in due course holds the instrument free from any defect of title of prior parties and may enforce payment in full. Section 843, R. S. 1919. (4) A holder in due course who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter. Section 844, R. S. 1919. The judgment was for the right party and we respectfully insist that it should be affirmed.

BRADLEY, J.—This is a suit on a promissory note. The cause was tried to a jury. Plaintiffs obtained judgment and defendants appealed.

May 15, 1918, defendants, L. E. Rosier and his wife Nina Rosier, gave their promissory note for $500 payable to one George Wood, and due two years after date. At that time defendant L. E. Rosier owned a house and lot at Siloam Springs in Howell county, and was desirous of selling said property to one Wilson of St. Joseph, Mo. For some reason Wilson did not want to give his note and a trust deed on the property, so defendants gave the note sued on to Wood the payee named therein, and Wood assigned the note, without recourse on him, back to defendant L. E. Rosier. January 29, 1919, defendant L. E. Rosier assigned to J. W. Morris "without recourse on me." Morris assigned to one Lasswell without recourse, and the assignment to Lasswell by Morris was before maturity of the note. Plaintiffs Arthur and Potts owed defendant L. E. Rosier and Rosier was endeavoring to collect and sued Arthur. After that suit was filed Arthur obtained the note sued on, and filed the present cause, and later Potts claimed some interest in the note and was made a party plaintiff. The trust deed on the Siloam Springs property was foreclosed and brought the sum of $50, and after deducting $8.50 for

217 Mo. App.—25.

expenses the balance of $41.50 was credited on the note. Also there was credited on the note the sum of $225— the amount as we understand that Potts owed L. E. Rosier.

Plaintiffs' theory is that after the note was endorsed back to L. E. Rosier, and he in turn endorsed it to Morris, that Morris occupied the position of an original payee, and that the position of Lasswell was that of the first endorsee, and that since Lasswell acquired the note for value and before maturity, and without notice of infirmities, the same title and *status* passed to plaintiffs who claim through Lasswell.

Defendant L. E. Rosier's defense is that when he passed the note to Morris he made the endorsement without recourse on him, and the further defense that Morris fully understood that there was to be no come back on the Rosiers or either of them, and that he, Morris, was taking the note with the understanding that there was nothing behind it except the Siloam Springs property; that Morris was desirous of obtaining the title to the Siloam Springs property, and gave as a consideration for the note an amount equal only to the value of said property which was much less than the amount of the note. Defendant L. E. Rosier set up the further defense that plaintiffs were not holders in due course. Defendant Nina Rosier's defense is the same as that of her husband except that she did not pass the note to Morris with the endorsement that there was to be no recourse on her.

This record presents somewhat of a tangled web, and we have gleaned the facts as stated from the record and from the respective statements of Counsel. The maker of a promissory note who is *sui juris,* may for a consideration and before maturity reissue after it has become his property, but he cannot enforce payment against any intervening party to whom he was personally liable. [Secs. 836, R. S. 1919; Sater v. Hunt, 66 Mo. App. 527; Curry v. Lafon, 133 Mo. App. l. c. 190, 113 S. W.

246.]   In view of the law authorizing a maker to reissue a note that has become his property after its first issue we hold that Morris occupied the position of an original payee.   All parties dealing with this note knew that it was originally secured by a trust deed on the Siloam Springs property.   All parties knew that defendant L. E. Rosier by his endorsement to Morris sought to relieve himself of further liability.   This endorsement was as follows:   "1-29-19.   Assigned to J. W. Morris without recourse on me.   (signed) L. E. Rosier."   When the endorsement of a note is without recourse the endorser specially declines to assume any responsibility for its payment.   According to the meaning of the expression "without recourse" in the law merchant this is the express condition of the contract as much so as if stated in detail.   [8 Words & Phrases, 7510; Youngberg v. Nelson, 53 N. W. (Minn.) 629, 38 Am. St. Rep. 497; Palmer v. Courtney, 49 N. W. (Neb.) 754; Watson v. Chesire, 87 Am. Dec. 382.]

Defendant L. E. Rosier testified that it was the agreement between him and Morris that Morris was to take the note and rely upon nothing to back it up except the trust deed on the Siloam Springs property.   The deposition of Morris was read on behalf of defendants. Morris testified that he gave L. E. Rosier a team of mules worth about $300 for the note.   Morris corroborated defendant L. E. Rosier as to what he, Morris was to rely upon to realize on the note.   Morris testified:   "I was to keep the property or sell it for what I could get without any recourse on Mr. Rosier and his wife, Nina E. Rosier."   Morris further stated in his deposition: "The value of this property I think was not over $250. I traded the note to Sam Lasswell for an unimproved forty acres of land bought at a tax sale, worth about $150.   I told Mr. Lasswell of my agreement with Rosier. Lasswell and I together agreed that the Siloam Springs property was worth very little, but the lumber could be hauled away and put up somewhere and be worth

something like what Lasswell gave me for it. He said he felt the lumber alone in the building would be worth what he was giving me. I think I told Lasswell that I did not expect anything but the property from Rosier, and that was my agreement with Rosier at the time I bought this note. We were all three well acquainted and I think we thoroughly understood there should be no recourse on any one for anything above the value of the Siloam Springs property.''

Lasswell in effect denied what Morris said as to advising him relative to the understanding with Rosier that there was nothing behind the note except the Siloam Springs property. Lasswell foreclosed the trust deed, and at no time did he make any effort to collect the balance from the Rosiers. The issue of notice, however, was submitted and found against plaintiffs, and as to defendant Nina Rosier we think the finding is final. But as to defendant L. E. Rosier the situation is different. When he transferred this note to Morris he advised all subsequent holders by his endorsement that he assumed no responsibility for payment. No one could take the note thereafter without the consequences of a full knowledge of the agreement between Morris and defendant L. E. Rosier as to L. E. Rosier's future liability. Such is the effect of the endorsement ''without recourse.'' Defendant Nina Rosier did not join her husband in the endorsement, hence future holders in due course would not be bound by the Morris agreement. We know of no reason why the expression ''without recourse'' should not be given the same effect here as is usually given. It is our conclusion that the judgment as to defendant L. E. Rosier should be reversed, and as to defendant Nina Rosier should be affirmed, and it is so ordered. *Cox, P. J.*, and *Farrington, J.*, concur.