Note.—Reported in 201 N. W. 1000.  See, Headnote (1), American Key-Numbered Digest, Sales, Key-No. 255, 35 Cyc. 370; (2) Sales, Key-No. 440(2), 35 Cyc. 459.

---

ST. PAUL LOAN COMPANY, Appellant, v. HOUSMAN et al., Respondents.

### (201 N. W. 713.)

(File No. 5386.  Opinion filed January 13, 1925.)

**Banks and Banking—Bills and Notes—Fraud—Bank Held Liable on Note Indorsed Without Recourse, Where President Misrepresented Security.**

Statement of bank president in sale of note ostensibly secured by mortgage on cattle, that he had inspected cattle, and they were as described, when in fact mortgagor owned no such property, was a fraud, under Rev. Code 1919, Sec. 816, though president did not know it was false, and where note was payable to the bank, and purchaser did not know it represented a private transaction, the bank was responsible, though indorsing without recourse, as it apparently related to affairs of bank.

Appeal from Circuit Court, Beadle County; Hon. Alva E. Taylor, Judge.

Action by the St. Paul Cattle Loan Company against Roy Housman, H. G. Spratt, and the City National Bank of Huron, S. D.  Judgment was rendered against the individual defendants, and action dismissed against defendant bank, and plaintiff appeals from that part of judgment which dismissed the action against such defendant, and from order denying a new trial.  Order and portion of judgment appealed from vacated and set aside, and cause remanded.

*D. L. Grannis,* of South St. Paul, Minn., and *Haney, McCoy & McCoy* of Huron, for Appellant.

*Gardner & Churchill,* of Huron, for Respondent.

Appellant cited:  First National Bank of Webster v. First National Bank of Mobridge, 187 N. W. 623.

Respondent cited:  Brumbach v. Fowler, 20 Ill. App. 219, 23 N. E. 335; Palmer v. Preston, (Vt.) 12 A. R. 191; Cylus

v. N. Y. K. & S. R. Co., 76 N. Y. 609; Morgan v. Skidmore, 3 Abb. N. C. 92; Lee v. Corn, 21 N. Y. Sup. 1073; Albany Hardware Co. v. Day, 42 N. W. Sup. 971.

GATES, J. Through the agency of defendant Spratt, who was president of defendant bank, plaintiff purchased a promissory note made by defendant Housman to defendant bank purporting to be secured by a chattel mortgage on 165 head of steers. The note was indorsed:

"Without recourse. City National Bank of Huron, South Dakota by H. G. Spratt, Prest. Payment guaranteed and protest waived.                                              "H. G. Spratt."

It turned out that Housman did not own nor have in his possession any of the property described in the mortgage. This action was brought against Housman, Spratt, and the bank to recover the amount due on said promissory note. Judgment was entered against Housman and Spratt, but the action was dismissed as to defendant bank. Plaintiff appeals from an order denying new trial and from that part of the judgment which dismissed the action as to defendant bank.

The trial court found that the transaction between Housman and Spratt was a private transaction between them, in which the bank was not concerned although used as a conduit; that neither Spratt nor the bank knew that Housman did not have the property covered by the mortgage.

It appeared from the evidence that appellant had purchased considerable cattle paper from respondent bank in all of which transactions the bank was represented by Spratt, its president. It is not claimed that appellant had any knowledge that this paper was other than it purported to be, viz., the property of respondent. It is undisputed that at the time of the purchase of the paper by appellant Spratt told appellant's officer who handled the transaction that he (Spratt) had inspected the cattle, and that they were as described in the mortgage, and that appellant relied thereon. This assertion amounted to actual fraud, Rev. Code 1919, § 816, even though, as the trial court found, Spratt did not know that Housman did not own the property.

The fraud being perpetrated by the president of respondent bank concerning a transaction apparently relating to the affairs

of the bank, and which appellant had no reason to believe did not relate to the affairs of the bank, the respondent bank should have been held responsible therefor.

The order denying new trial and that portion of the judgment appealed from are vacated and set aside, and the cause is remanded for further proceedings in harmony with his opinion.

Note.—Reported in 201 N. W. 713. See, Headnote, American Key-Numbered Digest, Banks and banking, Key-No. 111, 7 C. J. Sec. 167.