## CAMERON v. HAM.

*Negotiable instruments—Indorsement "without recourse"—Words applicable only to signature immediately preceding same, when—Effect of indorsement "without recourse"—Liability where indorsement in blank or unqualified—Limited or qualified indorsement must be clearly indicated, or contrary presumed.*

1. Where note was indorsed by defendant and another, and words "without recourse" in other indorser's handwriting appeared only below his name, such words did not apply to defendant whose name appeared first on note so as to make him qualified indorser.
2. Words "without recourse" accompanying indorsement indicates that one so signing does not intend to assume position of unconditional indorser or to incur any liability if note is not paid at maturity on demand or if parties to note are insolvent; such indorsement constituting indorser mere assignor of title to paper.
3. Indorsement in blank or unqualified makes indorser liable to subsequent holder of note on nonpayment of note, of which indorser had notice.
4. Indorser, desiring to qualify or limit his liability on note, must in some way clearly indicate that his indorsement is limited, or the contrary will be presumed.

(Decided January 29, 1926.)

ERROR: Court of Appeals for Fulton county.

*Mr. Fred Fowler,* and *Messrs. Johnson, Johnson & Farber,* for plaintiff in error.
*Mr. John W. Winn,* and *Mr. J. C. Paxson,* for defendant in error.

HOUCK, J. The parties here stand in this court in the reverse order in which they appeared in

the lower court.  However, hereafter they will be referred to as they stood in the trial court.

The plaintiff below, Frank S. Ham, recovered a verdict from a jury on a promissory note owned by him, against the defendant, L. C. Cameron, as an unqualified indorser in the sum of $1,232.50, which the trial judge sustained by overruling a motion for a new trial and entering a judgment on the verdict.

Several questions are raised by learned counsel for defendant below as to why the judgment of the common pleas court should be reversed.  However, the decisive question is: Was L. C. Cameron under the facts and law an unqualified indorser?

If this question is answered in the affirmative, then the judgment of the common pleas court should be affirmed; and, if answered in the negative, thus finding that Cameron was a qualified indorser on the note in question, then the judgment of the lower court must be reversed.

The note sued on, as appears in the record, is marked "Exhibit 1" and the indorsements on the back of same are as follows:

"L. C. Cameron.

"W. E. Fowler.

"Without recourse."

It is conceded by counsel for all parties that the signatures of "L. C. Cameron" and "W. E. Fowler" are genuine, were written by them; also that the words "without recourse" were written by said W. E. Fowler. This concession is also established by the undisputed evidence. There is an absolute failure of proof showing or tending to show that at the time of the indorsements Cameron and Fowler were partners.

It is conceded that Ham demanded payment of the note when due, that it was not paid, and that of all of this Cameron had due notice.

The words "without recourse" are just below Fowler's signature and in his hand-writing. Above Fowler's name is that of Cameron, and the words "without recourse" do not appear directly thereunder, as they do in the case of Fowler. The words "without recourse" appear only in the indorsement under the name Fowler. Under this indorsement it is urged by counsel for Cameron that the words "without recourse" are applicable to Cameron as well as to Fowler, and that as a matter of law Cameron is a qualified indorser, the same as Fowler. In this claim we do not agree with learned counsel.

The legal effect of the words, "without recourse," accompanying an indorsement, is to clearly indicate that the one so signing and in making the transfer does not intend to assume the position of an unconditional indorser, or to incur any liability if the note is not paid at maturity upon demand, or even if the parties to the paper should prove to be wholly insolvent. Such indorsement constitutes the indorser a mere assignor of title to the paper.

In case of an indorsement in blank, or an unqualified indorsement, such as Cameron's is here claimed by counsel for plaintiff to be, the legal effect of the indorsement would be that Cameron would be liable to such subsequent holder of the note if he demanded payment when due, and the same was refused, and Cameron had legal notice of same, which is not denied in this case.

It seems to us, and we find and hold the law

to be that, if an indorser wishes to qualify or limit his liability, plenty of words and phrases are in common use which he may adopt; that he must in some way or manner clearly indicate that his indorsement is a limited or qualified one, or the contrary will be presumed. Cameron, not having availed himself of his rights so to do, cannot now properly claim the limited liability of a qualified indorser.

Counsel for Cameron in their written briefs point out the following claimed prejudicial errors, and by reason of same urge a reversal of the judgment of the lower court: (a) Admission and exclusion of testimony; (b) charge of the court before and after argument; (c) no evidence to sustain the judgment; (d) defective verdict.

We have examined the record before us with reference to each and all of the claimed errors, and find none of such substantial nature as to authorize a reviewing court to enter a reversal. The bill of exceptions discloses a warmly contested lawsuit, and, while there may be minor errors, yet such must be expected in the heat of legal battle, with learned and able lawyers contesting for the rights of their clients.

Yet, as already suggested, we find that the defendant had a fair and impartial trial, which, if the record is to be relied upon, was presided over by an impartial judge, whose presentation of the law to the jury covered every phase of the case raised by the pleadings and the evidence.

We have given this lawsuit—in our review of the record testimony and the law applicable to the facts—our most careful and laborious consideration, and we reach the conclusion that the

verdict and judgment are responsive to the facts and the law governing them.

We further find that substantial justice has been done all parties to the controversy, and that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS, J., concurs.

Judges of the Fifth Appellate District, sitting in place of Judges RICHARDS, WILLIAMS and YOUNG, of the Sixth Appellate District.