ST. PAUL CATTLE LOAN COMPANY, Respondent, v. HOUSMAN et al, Appellants.

(224 N. W. 189)

(File No. 6282. Opinion filed March 19, 1929.)

*Gardner & Churchill,* of Huron, for Appellant.
*McCoy & McCoy,* of Huron, for Respondent.

CAMPBELL, J. Defendant Housman signed a promissory note to defendant bank in the sum of $6,000, and signed a chattel mortgage purporting to secure said note upon 165 head of steers. The note and mortgage were negotiated by the defendant Spratt, president of the defendant bank, to the plaintiff, and the proceeds thereof paid to the defendant bank. The circumstances were such that the defendant bank cannot be heard to say that its president Spratt did not act for the bank in that transaction. Housman never at any time possessed or owned the cattle described in the chattel mortgage, and plaintiff, discovering the facts, instituted this action to recover against Housman, Spratt, and the bank. Judgment was entered in favor of plaintiff against Housman and Spratt, but the action was dismissed as to the defendant bank. From so much of the judgment as dismissed the action as to the defendant bank, the plaintiff appealed, and said judgment was reversed. St. Paul Cattle Loan Co. v. Housman, 48 S. D. 8, 201 N. W. 713.

Thereafter the action was again tried as between plaintiff and defendant bank, and, at the close of all the testimony, the learned trial judge directed a verdict in favor of plaintiff and against defendant bank, and, from judgment entered thereon and an order denying its application for new trial, defendant bank has appealed.

It is admitted by all parties that Housman never at any time possessed or owned the cattle which he purported to mortgage. It is undisputed that the note and mortgage were negotiated to respondent under such circumstances that respondent was justified in believing and did believe that Spratt, the president of appellant, was acting for and in behalf of appellant in such negotiations, and was justified in believing and did believe that it was dealing with appellant by and through its said president. At the trial, one Mills, an active managing officer of respondent, testified that he had

charge of the transaction with Spratt whereby respondent acquired the note and mortgage in question, and testified that Spratt said "that he had a good loan for us, the Roy Housman loan, and had the note, chattel mortgage and filing receipt with him; that it was secured on 165 head of cattle; that he had seen the cattle and knew they were there; and that they were worth $11,000." This oral testimony of the witness Mills is the only evidence as to the making of this particular representation by Spratt, the president of appellant, and appellant urges that it was error to direct a verdict because the credibility of Mills, being an interested witness, was necessarily a question for the jury. We believe that the trial court would have been justified in directing a verdict in this case even had the direction of said verdict necessarily depended in part upon such testimony of Mills. His testimony was clear and full, not extraordinary or incredible in the light of general experience, and not contradicted, either directly or indirectly, by other witnesses or by other circumstances disclosed in the evidence. The trial judge saw the witness and heard him testify and observed his demeanor upon the witness stand, and would have been justified, we think, in directing a verdict in this case under the rule recently laid down by this court in Jerke v. Delmont State Bank (on rehearing), 54 S. D. —, 223 N. W. 585, even if the direction had depended in part upon the aforesaid testimony of Mills.

However, we think a verdict was properly directed regardless of these statements of the witness Mills. It is undisputed that the note and mortgage were negotiated to respondent by the president of appellant, and for the purposes of this case his acts were the acts of appellant. It is undisputed that Housman never had the cattle in question at any time nor any mortgageable interest therein. It is not claimed that respondent ever learned that fact until some time after it had purchased the note and mortgage and paid full consideration therefor to appellant in good faith.

Section 950, Rev. Code 1919, reads as follows:

"One who sells or agrees to sell an instrument purporting to bind any one to the performance of an act, thereby warrants the instrument to be what it purports to be, and to be binding according to its purport upon all the parties thereto; and also warrants that he has no knowledge of any facts which tend to prove it worthless, such as the insolvency of any of the parties thereto,

where that is material, the extinction of its obligations, or its invalidity for any cause."

Section 1769, Rev. Code 1919, relating to negotiable instruments, reads as follows:

"Every person negotiating an instrument by delivery or by qualified indorsement, warrants:

"1. That the instrument is genuine and in all respects what it purports to be.

"2. That he has good title to it.

"3. That all prior parties had capacity to contract.

"4. That he has no knowledge of any fact which would impair the validity of the instrument, or render it valueless.

"But when the negotiation is by delivery only, the warranty extends in favor of no holder other than the immediate transferee. The provisions of subdivision 3 of this section do not apply to persons negotiating public or corporate securities, other than bills and notes."

The conclusion is inescapable from the entire record in this case that Spratt, appellant's president, at the time of negotiating the note in question and transferring the chattel mortgage, had knowledge of facts which would impair the validity of the note and mortgage and tend to render them worthless. A verdict otherwise on this question would have to be set aside as lacking support in the evidence. We think therefore that the case clearly shows a breach of the warranty arising on the part of appellant by virtue of the two sections above quoted.

We are of the opinion that there is no prejudicial error in the record, and the judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.
BROWN, J., absent and not participating.