ELEANOR H. LEEKLEY, Appellant, v. I. E. SHORT et al., Appellees.

No. 41855.

JUNE 20, 1933.

Howard L. Bump, for appellant.

Lloyd H. Williams, for appellees I. E. and Erma Short and Iowa Auto Market.

Thomas & Loth, for appellee Ella B. Ward.

ANDERSON, J.—This appeal involves only issues between the plaintiff-appellant, Eleanor H. Leekley, and the defendant-appellee Ella B. Ward. A demurrer or a motion to dismiss plaintiff's petition was sustained. The plaintiff refusing to plead over and electing to stand on her petition, final judgment was entered, dismissing the petition with costs. From such judgment this appeal is prosecuted.

Division 1 of the plaintiff's petition is in the ordinary form of a suit in foreclosure, and alleges that on the 5th day of June, 1931, the defendants I. E. and Erma Short executed and delivered to Ella B. Ward a promissory note for $10,000 due March 1, 1936; that said note was secured by mortgage upon 270 acres of farm land in Butler county, Iowa; said mortgage also pledging the rents, issues, and profits arising from said real estate; that on or about the 1st day of August, 1931, the said plaintiff purchased from the said Ella B. Ward the said note and mortgage and paid therefor in property reasonably worth $10,000, and $208 in cash. The said Ella B. Ward indorsing the said note as follows: "Without recourse on me pay to the order of ————." At the same time the said Ella B. Ward executed a written assignment to the said plaintiff, assigning

the said note and mortgage; said written assignment being made "without recourse". Subsequent to the execution and delivery of the said note and mortgage and the assignment thereof, the said I. E. and Erma Short transferred the title of the real estate involved to the Iowa Auto Market. That the semi-annual installment of interest and the taxes due September 1, 1931, had become delinquent and remained unpaid; that the makers of said note and mortgage and the title holder of the real estate had failed to keep the property insured for the sum of $4,000 as provided in said mortgage, and by reason of said delinquencies, the plaintiff elected to declare the whole amount of said mortgage and note due and payable. The petition further alleges that the said real estate is not worth the sum of $10,000 and is not worth more than $6,500; that the crops raised upon the premises during the year of 1931 and belonging to the landlord, or title holder, consists of 500 bushels of corn, and the rent of the pasture land for the same period amounts to $200; that the buildings and fences are in poor repair and the property will not sell at sheriff's sale for more than $6,500; that the defendants I. E. and Erma Short are insolvent and were insolvent at the time the note and mortgage were executed.

Division 2 of plaintiff's petition restates the facts contained in division 1 and in addition thereto states that the said Ella B. Ward knew at the time she indorsed said note and assigned said mortgage to plaintiff that the Shorts were insolvent and that the note could not be collected from them, and that she further knew that the real estate was not of the value of $10,000 and was of much less value; that plaintiff relied upon the warranties provided by law that Ella B. Ward, transferring the negotiable instrument by delivery or qualified endorsement, had no knowledge of any fact that would impair the validity of the instrument or render it valueless.

Plaintiff prays for the appointment of a receiver to take charge of the real estate; asks judgment against I. E. and Erma Short and Ella B. Ward for the amount due upon said note and mortgage, and statutory attorney fees, interest, and costs, and asks that said mortgage be foreclosed as by law provided.

To this petition the defendant Ella B. Ward filed a motion to dismiss upon the following grounds:

1. That the petition shows upon its face that plaintiff has no cause of action against this defendant.

2. That this defendant indorsed the note declared upon "with-

out recourse", and assigned the mortgage securing the same "without recourse".·

3. That the petition shows that this defendant did not breach any implied or statutory warranty in that the petition fails to allege that the note is invalid or that the note is valueless, but, on the contrary, alleges that it is valuable.

4. That there is misjoinder of parties defendant, and

5. That there is misjoinder of causes of action. The action against the principal defendants being in equity, and any demands against this defendant being cognizable only at law.

It will be noticed that no fraud is charged in the petition and the only proposition relied upon for reversal is the construction to be put upon section 9525 of the 1931 Code, which section is as follows:

"Every person negotiating an instrument by delivery or by a qualified indorsement, warrants:

"1. That the instrument is genuine and in all respects what it purports to be.

"2. That he has a good title to it.

"3. That all prior parties had capacity to contract.

"4. That he has no knowledge of any facts which would impair the validity of the instrument or render it valueless."

The appellant relies upon subdivision 4 of the above-quoted section, and her claim is that even though a note is transferred by a qualified indorsement, if the indorser knew that the note was of no value and that the person could not collect it, such indorser thereby perpetrated fraud upon the purchaser and obtained the money upon false pretense. The appellant contends in argument that the appellee knew she was selling a worthless note to the plaintiff, and she cannot limit plaintiff's recovery against fraud by a qualified indorsement of the note. The plaintiff's petition is a complete answer to this contention. The petition alleging that this particular note was not worth more than $6,500 and "will not sell at sheriff's sale for an amount in excess of $6,500.00". The conclusion necessarily follows that the note was not valueless and that the defendant had "no knowledge of any fact which would impair the validity of the instrument or render it valueless". It also follows that there was no breach of an implied warranty that the note was not "valueless".

The fact that the note was not worth par does not render it value-less or impair its validity.

The section of the statute under consideration is a part of the Negotiable Instruments Law known as chapter 424 of the 1931 Code, and the question here presented is one of first impression in this court.

The warranties implied by the statute, accompanying an indorsement without recourse, do not include the solvency of the maker, but are restricted to matters effecting the legal enforceability of the paper; and, without an allegation of fraud or deceit, there can be no recovery thereon based upon the insolvency of the maker or his inability to pay.

The appellant cites several cases from other jurisdictions which she claims sustain her position in this case. We will notice some of them.

In the case of Marietta Fertilizer Co. v. Beckwith, 4 Ga. App. 245, 61 S. E. 149, 152, fraud was involved and not a breach of any warranty. The selling agent of the note in question in that case falsely represented to the purchaser that the note was executed by a "Mr. McCullough who * * * 'lived two or three miles down the road'," while as a matter of fact it was signed by a "Mr. McCullough" who lived six miles in a different direction. Here was a plain instance of fraud and deceit and the decision was based entirely upon fraud. The Georgia statute is not identical with our own. In referring to indorsement of negotiable paper, that statute provides that the transferor of a negotiable instrument warrants to the purchaser that he has no knowledge of any fact which proves the instrument to be worthless either by insolvency, payment, or otherwise, and that court holds that if a breach of such statutory provision occurs that an action of deceit will lie. The Negotiable Instrument Act was not mentioned or involved in the decision.

The case of Spiegelman v. Eastman, 95 Cal. App. 205, 272 P. 761, 764, involved an action upon a note secured by a chattel mortgage which was indorsed and transferred without recourse. The note was originally for $28,000, installments had matured, but at the time of the transfer it bore fictitious indorsements purporting to show matured installments paid, while in fact nothing had been paid. The chattel mortgage purporting to secure the same was absolutely worthless, as there was from two to five prior liens on the property covered thereby for more than its value. The suit was based upon

fraud and breach of implied warranty. The decision which held the indorser liable was based upon the fraud and deceit involved in the fictitious indorsements, and that the chattel mortgage was not a first lien as it was represented. The only warranty involved was that the note was not what it purported to be. It was represented to be a note in good standing, with all payments made up to date, and secured by chattel mortgage. Neither of these purported facts were true and the court held the indorser liable, using the following language:

"While a qualified indorsement on a promissory note relieves the indorser from the position of a security for its payment, it does not open the door for the transfer of worthless paper. * * * 'An indorsement "without recourse" still leaves the indorser liable as a vendor with the following warranties: That the instrument is genuine and in all respects what it purports to be; that the indorser has a good title to it; * * * and that the indorser has no knowledge of any fact which would impair the validity of the instrument or render it valueless.' Section 1774 [Civ. Code] incorporates, also, the warranty that the transferor has no knowledge of anything which would tend to show the insolvency of the payor."

Our statute does not contain the language as to knowledge of insolvency as appears in the last-quoted section.

Carroll v. Nodine, 41 Or. 412, 69 P. 51, 93 Am. St. Rep. 743. The note involved also bore an indorsement of payment which was fictitious. The payment, under the Oregon laws, would have started the statute of limitations running again, but no payment having been made the note was barred and could not be enforced, and the court held the indorser liable under statutes similar to our own.

Citizens Bank & Trust Co. v. Cook, 9 La. App. 540, 121 So. 306. This case involves an action upon a note secured by mortgage upon real estate. The payee failed to record the mortgage until nearly four years after its date and in the meantime the mortgagor sold the land covered by the mortgage. The transferor or indorser of the note knew of these facts and sold the note without disclosing the situation to the purchaser. The indorsement was "without recourse". The court held that by suppressing the truth the indorser committed a fraud and breached a statutory warranty and that he was liable thereon. The court did not hold that the indorser warranted the maker's solvency. The warranty was that the paper was what it

purported to be, unimpaired in validity, and that the security was legally enforceable.

Cressler v. Brown, 79 Okl. 170, 192 P. 417, was a suit upon a note. The note had been held invalid by a prior decision of a federal court, and the defense offered was a failure of consideration. Nothing involving an implied warranty of the maker's solvency or of the par value of the paper was suggested in the decision.

St. Paul Cattle Loan Co. v. Housman, 54 S. D. 630, 224 N. W. 189. The Citizens National Bank of Huron sold to the Saint Paul Cattle Loan Company a $6,000 note purporting to be secured by a chattel mortgage on 165 head of steers. It developed that Housman, the mortgagor, did not own the cattle and had no interest therein that could be mortgaged, and that these facts were known at the time of the indorsement and sale of the paper, and the Supreme Court of South Dakota held the indorser liable because it had knowledge of facts which impaired the validity of the instrument and rendered it valueless.

It will be seen that none of the cited cases furnish any support whatever for appellant's position in the case at bar.

We hold that the Iowa statute under consideration creates no implied warranty, under a restricted indorsement, as to the solvency of the maker of a negotiable instrument, or that the instrument is worth par. An indorsement without recourse impliedly warrants that the instrument is genuine and in all respects what it purports to be; that the transferor has a good title to it; that all prior parties had capacity to contract; and that the instrument is legally enforceable. There is the additional implication that the indorser knows of no fact which would impair the validity of the instrument or render it valueless, but this provision or implication can only arise when the indorser has such knowledge and fraudulently conceals or withholds the same from the transferee. This holding is sustained by the following authorities: Watson v. Chesire, 18 Iowa 202, 87 Am. Dec. 382; Wolcott v. Timberman, 28 Iowa 454; Citizens Bank v. North End State Bank, 116 Kan. 303, 226 P. 998, 35 A. L. R. 1109; 8 Corpus Juris 392, 3 R. C. L. 1156; Hecht v. Batcheller, 147 Mass. 335, 17 N. E. 651, 9 Am. St. Rep. 708; State Bank v. Bilstad, 162 Iowa 433, 136 N. W. 204, 144 N. W. 363, 49 L. R. A. (N. S.) 132; Hawkeye Securities Co. v. Central Trust Co., 208 Iowa 573, 221 N. W. 486, 487; Arthur v. Rosier, 217 Mo. App. 382, 266 S. W. 737, 738; Cameron v. Ham, 23 Ohio App. 359, 155 N. E. 655, 656;

Walter v. Kilpatrick, 191 N. C. 458, 132 S. E. 148, 151. All of these cases, except the early ones, arose under the Negotiable Instruments Law and hold that the word "valueless" does not refer to the value of the security nor to the solvency of the maker, but simply to some legal insufficiency.

"By indorsing without recourse, the trust company indicated a purpose not to assume a liability on the paper." Hawkeye Securities Co. v. Central Trust Co., supra.

"When the indorsement of a note is without recourse, the indorser specially declines to assume any responsibility for its payment." Arthur v. Rosier, supra.

"The legal effect of the words, 'without recourse' * * * is to clearly indicate that the one so signing * * * does not intend to assume the position of an unconditional indorser, or to incur any liability if the note is not paid * * * even if the parties to the paper should prove to be wholly insolvent." Cameron v. Ham, supra. He, the indorser without recourse, assumed no liability "except for a breach of warranties which by statute accompanied his qualified indorsement. He made no warranty as to the value of the security for the payment of the notes." Walter v. Kilpatrick, supra.

There is no warranty of the solvency of the parties (by indorsing without recourse). Citizens Bank v. North End State Bank, supra.

An interpretation or construction of the statute as claimed by appellant would completely do away with any restricted indorsement, and, if the legislature had intended such results, there would have been no necessity of the enactment of section 9525 of the Iowa Code.

As what we have said will necessarily result in an affirmance of this case, it is perhaps unnecessary that we notice another proposition upon which an affirmance would necessarily follow. There is a claim here by the appellee that there is both a misjoinder of parties and of causes of action. This claim is sound. Appellant's action in equity is for the foreclosure of her mortgage, but she cannot join therewith her alleged action against this appellee on the restricted indorsement. As the latter, if it existed, would be an action at law with the venue in the county of the appellee's residence, and, too, such action would not be upon the note for its face value, but

384

upon any deficiency that resulted from the foreclosure of the mortgage and the sale of the security. McPherson v. Com. Building & S. Co., 206 Iowa 562, 218 N. W. 306; Code sections 11130 and 10960; Young v. Bierschenk, 199 Iowa 309, 201 N. W. 591; Hawkeye Securities v. Central Trust Co., 208 Iowa 573, 221 N. W. 486.

The order and judgment appealed from is therefore affirmed.— Affirmed.

KINDIG, C. J., and STEVENS, MITCHELL, and KINTZINGER, JJ., concur.