[Civ. No. 10725.  First Appellate District, Division Two.—March 8, 1938.]

BESSIE PALMER et al., Respondents, v. JOSEPH FRIEDMAN et al., Defendants; AARON FRIEDMAN, Appellant.

Young, Hudson & Rabinowitz for Appellant.

Orrick, Palmer & Dahlquist for Respondents.

STURTEVANT, J.—The plaintiffs commenced this action to recover $28,787.22 claimed to be the amount of the

deficiency after a sale had under a deed of trust. Judgment went in favor of the plaintiffs and against all of the defendants. Aaron Friedman, one of the defendants, appealed. It was the contention of the plaintiffs, as shown in their complaint and the evidence offered in support thereof, that on the 26th day of March, 1930, the plaintiffs agreed to lend and the defendants agreed to borrow $65,000 to be evidenced by a promissory note to be executed by Joseph Friedman and Ernestine Friedman payable to these plaintiffs. It was further agreed that said note would be indorsed by the defendant Aaron Friedman and its payment would be secured by a trust deed executed by the makers of the note as trustors, to California Pacific Title & Trust Company as trustee, in favor of these plaintiffs as the beneficiaries. Thereafter such a note was executed, the deed of trust was executed, and the money was loaned. Each and all of the foregoing facts appeared from the face of the written instruments and the direct evidence of two or more witnesses. ■ However, it was contended by the defendants that four days after the above-mentioned note was executed, Mr. Silas Palmer, acting for all of the plaintiffs, directed the trustee to obtain a different note in the place of the above-mentioned note, that it did so, that the second note is the one sued on, and that it is the sole embodiment of the contract between the parties. It is further contended that the first note was indorsed by Aaron Friedman without recourse and that therefore no judgment should be entered against the indorser. It is further contended that no consideration was received by Aaron Friedman and that the second note was executed after the money was loaned and paid over to the trustors and therefore the purported contract of guarantee was not enforceable against Aaron Friedman. If the facts were as contended by the defendant his conclusions would be sound, but the facts were found in favor of the plaintiff and against the defendant on each and all of said issues. The latter contends that the findings are not supported by the evidence because the evidence was inherently improbable. We find no merit in that claim. Bearing in mind that the trustors were the owners of the real estate, the indorsement of Aaron Friedman was in the nature of a guarantee, but an indorsement without recourse would not be. (Civ. Code, sec. 3119; *Leekley* v. *Short,* 216 Iowa, 376

[249 N. W. 363, 91 A. L. R. 394, note 399].) No witness testified that the plaintiffs ever agreed to accept such an indorsement by Aaron Friedman. It would require patent facts to justify the trial court in holding that sensible business men entered into an empty contract regarding a transaction involving $65,000. Again, there is no evidence excepting that of Aaron Friedman and F. J. Williams, his real estate broker, that an indorsement "without recourse" was written on the first note. Neither of them claimed to have delivered or to have seen delivered such a document. Moreover, there was in the testimony of each of them certain facts tending strongly to indicate that the testimony of each was not worthy of belief.

■ Another point is made to the effect that the trial judge was guilty of misconduct in the trial of the case. That alleged misconduct consists of certain remarks made by the judge. We have carefully read the transcript and we find no foundation for the assignment of misconduct. At the time the remarks were made the defendant was apparently of the same opinion, for no assignment of misconduct was noted by the defendant, no exception was noted, and no application was made to the trial judge to strike out any alleged improper statement.

The incident complained of was the following: At a trustee's sale of real estate, Joseph Friedman bid in a piece of property for $65,000. He did not have the money. He applied to Silas Palmer, one of the plaintiffs, for a loan. The latter stated he would make the loan if Aaron Friedman would indorse the note. These facts are not contradicted. On the trial the defendant sought to prove that Aaron Friedman stated he would "indorse but without recourse" and Silas Palmer accepted that promise and the note was so written. When the question was propounded to one of the witnesses the trial judge remarked, "It can't be true. What would be the good of such a statement? An indorsement without recourse does not mean anything That could not have happened. What is the use of insulting the intelligence of a court by trying to bring that in?" The statement made by the trial judge was entirely true. If so, then how can it have been error to have declared the fact in open court? Moreover, the error, if any, was not prejudicial for two separate reasons. In the first place the

remark of the trial judge was not acted upon. Every witness was examined and cross-examined as to the facts. In the second place the item of evidence was not connected in the proof of the defendant. The claim of the defendant Aaron Friedman was that the first note hereinabove mentioned was indorsed without recourse. If such was the fact, then it follows that the second note was substituted therefor, and there is no evidence to that effect. On the contrary, the trust officers participating in the transfer were called, examined, and cross-examined, and the testimony of each was to the effect that the note sued upon was the original note and the only note indorsed by Aaron Friedman.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.