## YATES et al. v. BAIN.
### No. 11143.

Court of Civil Appeals of Texas. San Antonio.

April 29, 1942.

Rehearing Denied May 27, 1942.

Brooks, Napier, Brown & Matthews and Clinton G. Brown, Jr., all of San Antonio, for appellants.

Herbert Oliver, of San Antonio, and De Witt Murray, of Floresville, for appellee.

NORVELL, Justice.

Ira G. Yates, Mack H. Yates and Ann Y. Corzelius, independent executors of the estate of I. G. Yates, deceased, have appealed from that part of a judgment awarding appellee, J. H. Bain, a recovery of $3,048.17 against them. We have concluded that the part of the judgment appealed from must be reversed, as the trial court applied an erroneous measure of damages.

Bain was the plaintiff below, and he asserted title against M. M. Wells, Frances Wells DeWitt and her husband, D. C. De-Witt, in and to three certain tracts of land

located in Karnes County, Texas, under and by virtue of a foreclosure of a deed of trust given by M. M. Wells to secure a promissory note for the principal sum of $2,000 payable to the order of I. G. Yates, now deceased. This note had been transferred to Bain by a qualified endorsement which read, "Pay to the order of J. H. Bain without recourse on me. I. G. Yates." A similar endorsement was placed on the note by the executors of the I. G. Yates estate. In addition, the executors executed a written transfer of the note containing the following clause: "The endorsement of said note and this transfer is without recourse on us, or said estate of I. G. Yates, deceased, and without warranty of any kind, other than that the full amount of $2000.00, with interest from May 21, 1937, as called for in said note, is owing thereon."

Wells et al. defended by asserting that the note had been paid to I. G. Yates prior to the time the note was transferred to Bain. Bain pleaded that "in the event said note has been paid, * * * then by reason of the above warranty," the executors were liable for the full amount of principle, interest and attorney's fees provided for in said note.

No jury was demanded, and the trial court expressly found in favor of Wells et al. upon the question of the payment of the note. Judgment was entered for said defendants as to the lands involved. No appeal was taken from this part of the judgment.

The trial court refused to make a finding as to the consideration paid to I. G. Yates, or the executors, by Bain at the time of the transfer of the note, although appellants made a proper request therefor.

The cause of action pleaded by Bain against the executors of the I. G. Yates estate was one based upon a breach of an express warranty and similar in nature to a cause of action upon the breach of a warranty implied by a qualified endorsement, under the Negotiable Instruments Act, Article 5934, § 38, and Article 5936, § 65, Vernon's Ann.Civ.Stats., or a cause of action sounding in tort based upon a false representation.

It can not be said that the asserted liability of the appellants is founded upon the wording and tenor of the note involved. The qualified nature of the endorsement precludes this view. Neither I. G. Yates, nor his executors agreed to pay the note.

The cause of action being one based upon a breach of the warranty that the note was unpaid at the time of its transfer, the measure of damages is the amount of money which the transferee paid for the note, plus legal interest thereon from the date of payment, in the absence of a showing of circumstances which would give rise to special damages. Lissner v. Stewart, Tex. Civ.App., 147 S.W. 610; Doolen v. Hulsey, Tex.Civ.App., 192 S.W. 364; Tackett v. Mutual Realty Co., Tex.Civ.App., 143 S.W. 347; Citizens Bank & Trust Co. v. Cook, 9 La.App. 540, 121 So. 306; Leekley v. Short, 216 Iowa 376, 249 N.W. 363, 91 A.L. R. 394.

For the error pointed out, that part of the judgment awarding Bain a recovery against appellants for the principal amount of the note, together with interest and attorney's fees, is reversed and the cause remanded for new trial. That part of the judgment from which no appeal was taken will not be disturbed.

Affirmed in part, reversed and remanded in part.